IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMI SCOTT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-44-S-BN |
| | § | |
| SYNEOS HEALTH, LLC, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Karen Gren Scholer. *See* Dkt. No. 1.

Plaintiff Jami Scott filed a *pro se* Petition to Vacate Arbitration Award under the Federal Arbitration Act ("FAA"). *See* Dkt. No. 3.

Defendant Syneos Health, LLC ("Syneos") filed a response, *see* Dkt. No. 6, and Scott filed a reply, *see* Dkt. No. 18.

For the following reasons, the Court should dismiss Scott's Petition to Vacate Arbitration Award [Dkt. No. 3] for lack of subject matter jurisdiction.

**Background**

This case arises out of an employment dispute between Plaintiff Jami Scott and Defendant Syneos. Scott was employed by Syneos until her separation in January 2022, which concerned her refusal to comply with Syneos's COVID-19

policy. *See* Dkt. No. 7 at 4.

On January 22, 2024, Scott commenced an arbitration proceeding against Syneos, *see id.* at 65-67, under her mandatory arbitration agreement with Syneos, *see id.* at 10-14, in which she asserted claims under Title VII of the Civil Rights Act as well as violations of North Carolina's Unfair and Deceptive Trade Practices Act and common law fraud.

Hugh E. Hackney was appointed to serve as the Arbitrator with the consent of the parties on March 6, 2024. *See id.* at 69.

Syneos moved to dismiss Scott's arbitration demand. And, on October 9, 2024, Arbitrator Hackney granted Syneos's motion and dismissed the arbitration demand (the "Arbitration Award"). *See id.* at 93-108.

Scott, who was represented by counsel during the arbitration proceedings, then filed this *pro se* petition, seeking vacatur of the arbitration award under 9 U.S.C. § 10(a).

**Legal Standards**

The federal courts' jurisdiction is limited, and federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. The Court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must

-2-

dismiss the action." Fed. R. Civ. P. 12(h)(3).

## Analysis

### I. The FAA, standing alone, does not confer subject matter jurisdiction.

A party filing a motion under the FAA to confirm an arbitration award must allege facts showing an independent jurisdictional basis for the Court to consider that motion because the FAA, by itself, bestows no federal jurisdiction. *See Hall St. Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581-82 (2008); *Andrew v. Talbot*, 883 F. App'x 473, 474 (10th Cir. 2021) ("The Federal Arbitration Act does not confer subject matter jurisdiction on federal courts absent an independent jurisdictional basis."). Stated differently, "[a] district court has no authority to resolve a motion to confirm an arbitration award under § 9 of the FAA if the arbitration claims would not otherwise be subject to federal jurisdiction absent the arbitration agreement." *Brett-Andrew: House of Nelson v. Jackson*, Civil Action No. 1:20-CV-00069-H-BU, 2020 WL 8458834, at *2 (N.D. Tex. Dec. 4, 2020) (dismissing similar complaint by another Plaintiff seeking to confirm arbitration award for lack of subject matter jurisdiction).

"Such independent bases include diversity of citizenship under 28 U.S.C. § 1332 or federal question jurisdiction under 28 U.S.C. § 1331." *Quezada v. Bechtel OG & C Constr. Servs., Inc.*, 946 F.3d 837, 841 (5th Cir. 2020) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 26 1, 26 n.32 (1983)).

The United States Supreme Court has addressed the issue of when a district court may assert jurisdiction over a request to confirm or vacate an arbitral award

under Sections 9 and 10 of the FAA. *See Badgerow v. Walters*, 596 U.S. 1 (2022). The Supreme Court concluded that "Section 9 and 10 applications conform to the normal – and sensible – judicial division of labor: The applications go to state, rather than federal, courts when they raise claims between non-diverse parties involving state law." *Id.* at 18. Although the underlying dispute "may have originated in the arbitration of a federal-law dispute[,]" "the underlying dispute is not now at issue." *Id.* "Rather, the application concerns the contractual rights provided in the arbitration agreement, generally governed by state law." *Id.* "And adjudication of such state-law contractual rights [ ] typically belongs in state courts." *Id.*

And, so, district courts may not "look through" the application to the underlying claims to find a basis for subject matter jurisdiction. *See id.* at 11-12.

Instead, "when a party applies to a district court to confirm, modify, or vacate an arbitral award, it must establish on the face of the application a basis for subject matter jurisdiction separate and apart from the FAA. To accomplish this, it must be shown that (1) there is complete diversity among the parties and the amount in controversy exceeds $75,000, or (2) that federal law ... entitles the applicant to relief." *Ascension Data & Analytics, L.L.C. v. Pairprep, Inc.*, 105 F.4th 749, 755 (5th Cir. 2024) (cleaned up).

And "[t]he amount in controversy in an action to vacate an arbitration award is not the amount of the actual arbitration award but the amount demanded in the underlying arbitration." *Mai v. Art Inst. of Dallas Aii, LLC*, No. 3:23-cv-1275-D, 2023 WL 5986464, at *2 (N.D. Tex. Sept. 14, 2023) (citing *Pershing, L.L.C. v. Kiebach*, 819

F.3d 179, 182-83 (5th Cir. 2016)).

Here, Scott states that her petition is brought "pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. § 10." Dkt. No. 3 at 1.

But she fails to allege an independent jurisdictional basis for federal subject matter jurisdiction.

## II. Scott fails to meet her burden to allege federal question jurisdiction exists.

Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. To determine whether federal question jurisdiction exists, courts apply the "well-pleaded complaint" rule. The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011). "Most directly, and most often, federal jurisdiction attaches when federal law creates the cause of action asserted." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374, 383 (2016).

And, so, if the Court finds a federally created cause of action on the face of the plaintiff's well-pleaded complaint, the Court may exercise federal question jurisdiction over the claim.

But Scott asserts a claim based solely on the FAA, which, as discussed above, is not sufficient.

And, insofar as Scott relies on her underlying Title VII claim, the Court may not "look through" the application to the underlying Title VII action to find a basis for federal question jurisdiction. *Accord Caston v. McAfee LLC*, No. 3:25-CV-457-E-BK, 2025 WL 1171251 (N.D. Tex. Mar. 28, 2025), *report and recommendation adopted*, No. 3:25-CV-457-E-BK, 2025 WL 1170321 (N.D. Tex. Apr. 22, 2025).

Scott has failed to allege facts asserting her claim is based on any other federal law.

And, so, Scott cannot plead an independent basis for federal question jurisdiction. *Accord Freshwadda v. Villas at Green Valley*, No. 3:22-cv-1637-K-BN, 2022 WL 18396017 (N.D. Tex. Dec. 30, 2022), *report and recommendation adopted*, No. 3:22-cv-1637-K-BN, 2023 WL 319952 (N.D. Tex. Jan. 19, 2023).

### III.  Scott fails to meet her burden to allege diversity jurisdiction exists.

Subject matter jurisdiction exists under 28 U.S.C. § 1332 only when there is complete diversity of citizenship between the parties and the matter in controversy exceeds $75,000. *See Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citing 28 U.S.C. § 1332). The party invoking jurisdiction under § 1332 is responsible for showing that the parties are completely diverse. *See Menchaca v. Chrysler Credit Corp.*, 612 F.2d 507, 511 (5th Cir. 1980); *see also Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254,

1259 (5th Cir. 1988) ("The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction.").

Here, Scott makes no allegations about the citizenship of either party, *see* Dkt. No. 3 at 1, and neither does any other filing in the record, *see* Dkt. Nos. 6, 13, & 18.

And, concerning the amount in controversy, the arbitration demand refers to the previously dismissed federal complaint, *see* Dkt. No. 3 at 66, which does not specify an amount in controversy, *see id.* at 17.

And, so, Scott fails to allege that diversity jurisdiction exists.

## Recommendation

The Court should dismiss Scott's Petition to Vacate Arbitration Award [Dkt. No. 3] for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge

that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 4, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE